UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COX COMMUNICATIONS, INC., *et al.*,<br><br>    *Movants*,<br><br>v.<br><br>THE RECORDING INDUSTRY ASSOCIATION OF AMERICA,<br><br>    *Respondent*. | Case No. 1:19-mc-00144<br>Underlying Litigation:<br>*Sony Music Entertainment et al. v. Cox Communications, Inc., et al.*,<br>Case No. 18-cv-00950-LO-JFA (E.D. Va.) |

**THE RECORDING INDUSTRY ASSOCIATION OF AMERICA'S OPPOSITION TO COX'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA *DUCES TECUM*, OR IN THE ALTERNATIVE, MOTION TO TRANSFER TO THE ISSUING COURT AND MEMORANDUM IN SUPPORT**

The Recording Industry Association of America ("RIAA") respectfully requests that the Court deny Cox Communication, Inc. and CoxCom, LLC's (collectively, "Cox") Motion To Compel RIAA's Compliance With Cox's Subpoena *Duces Tecum* (ECF No. 1). In the alternative, the Court should transfer the motion to the issuing court presiding over the underlying litigation—the Eastern District of Virginia ("EDVA")—pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.[1]

Cox's motion should be denied for two straight-forward reasons. First, the motion is untimely—it arises from a subpoena that Cox served on RIAA, and that RIAA objected to in writing, in January 2019. Discovery in the underlying litigation closed two months ago (on July 2, 2019), and Cox's motion appears to be an end-run around the EDVA court's ruling that "no further enlargements of the discovery period will be allowed." Declaration of Jeffrey M. Gould

---

[1] RIAA has included two proposed orders with this brief: one denying Cox's motion and one granting RIAA's alternate request to transfer.

("Gould Decl."), Ex. K (Scheduling Order, *Sony* ECF No. 138). Second, in January 2019 in the EDVA, Cox filed a motion to compel Plaintiffs in the underlying case to produce essentially the same documents that Cox now seeks from RIAA. The EDVA court denied that motion in large part. Cox should not be allowed to take a second bite at the same apple in a different court, especially against a non-party.

In the alternative, if a court is going to consider the substantive issues raised by Cox's motion, then RIAA respectfully requests transfer of the motion to the EDVA, which issued the document subpoena at issue and is handling the underlying case. Pursuant to Rule 45(f), transfer is appropriate where the respondent consents, as here. Though nothing further is needed to warrant transfer under Rule 45(f), the exceptional circumstances presented here heavily favor transfer, as well. The EDVA court has already addressed the issue on which Cox seeks to compel discovery, as well as numerous other discovery disputes. The underlying case is set for trial on December 2, 2019, the EDVA has already held the final pretrial conference, and summary judgment and Daubert motions are already on file. Requiring this Court to unpack the long, complex history of the underlying case at this juncture to address Cox's untimely motion would be inefficient and would risk interfering with the EDVA court's case management. The EDVA is in the best position to resolve the procedural and substantive issues raised by Cox's motion. Judicial economy and avoidance of inconsistent rulings, therefore, heavily favor transfer as an alternative to denial.

## BACKGROUND

### I. The *Sony v. Cox* and *BMG v. Cox* Cases

In July 2018, a number of record companies and music publishers brought the underlying copyright infringement case against Cox in the Eastern District of Virginia, captioned *Sony Music Entertainment et al. v. Cox Communications, Inc., et al.,* Case No. 18-cv-00950-LO-JFA (filed July

31, 2018, E.D. Va.) (the "*Sony v. Cox*" or "*Sony*" case).  Gould Decl., Ex. A (*Sony* Complaint). The *Sony* Plaintiffs are the owners and stewards of the copyrighted works of the most legendary artists and songwriters of our time, including Jay-Z, Eminem, Kanye and many others.  The *Sony v. Cox* case involves numerous parties and has a long history.  There are 53 Plaintiffs and infringement claims on more than 10,000 copyrighted works.  The *Sony* Plaintiffs allege that Cox is contributorily and vicariously liable for infringement of their copyrights from February 2013 through November 2014.  *Id.*; *see also* Leiden Decl., Ex. A (*Sony* Amended Complaint).[2]

The *Sony* case follows a related case—captioned *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, Civ. No. 14-cv-1611 (filed Nov. 26, 2014, E.D. Va.) ("*BMG v. Cox*")—in the same court and before the same district and magistrate judges as the *Sony v. Cox* case.  Gould Decl., Ex. B at 1-2 (Mem. and Order Denying Venue Transfer, *Sony* ECF No. 51).  In September 2018, Cox sought to transfer the *Sony v. Cox* case to the Northern District of Georgia for the convenience of Cox witnesses.  *Id.* at 1.  The EDVA denied transfer because "judicial economy and the avoidance of inconsistent judgments required that [EDVA] retain jurisdiction." *Id.* at 5-6. The EDVA court explained that "in the course of the *BMG v. Cox* litigation, which lasted over a year, and culminated in a jury finding Defendants liable, EDVA issued dozens of orders, including a forty-five page summary judgment opinion" on an issue of first impression. *Id.* at 1-2.  Beyond that, the EDVA "Court issued dozens of other rulings on discovery issues and other matters [and s]imilar issues are likely to come up in the present case." *Id.* at 6.  Given the Court's familiarity with the legal and factual issues, and to ensure judicial economy and avoid inconsistent rulings, the Court concluded that the "interest of justice[] weighs heavily against transfer." *Id.* at 6-7.

---

[2] "Leiden Decl." refers to the Declaration of Diana Hughes Leiden filed in support of Cox's Motion.  ECF No. 2-17.

## II. Cox's Subpoenas to RIAA

Discovery in the underlying litigation closed on July 2, 2019, after the EDVA court twice extended it. Cox chose not to pursue the instant motion during the discovery period, and fails to offer any valid basis for re-opening discovery at this late date.

Discovery in the *Sony v. Cox* case began in November 2018. On January 7, 2019, Cox served RIAA with a document subpoena, issued from the EDVA and with a place of compliance in Washington, D.C., where RIAA is located. Leiden Decl., Ex. B. RIAA, the trade association for the record company Plaintiffs, timely served written responses and objections on January 22, 2019 and produced documents shortly thereafter. Leiden Decl., ¶ Ex. C; Gould Decl., ¶ 5. RIAA and Cox conferred in letters and telephonically in February 2019. Leiden Decl., Exs. E-F; Gould Decl., ¶ 7. Cox *never* again mentioned anything to RIAA about the document requests at issue in the instant motion. *Id*.

Cox has served other subpoenas on RIAA issued from the EDVA in the underlying litigation, and has moved to enforce compliance with those subpoenas in the EDVA. In April 2019, Cox served a Rule 30(b)(6) deposition subpoena on RIAA, as well as an individual deposition subpoena on one of its employees. Gould Decl., ¶ 8, Exs. C, D. Like the document subpoena at issue here, those deposition subpoenas issued from the EDVA and listed Washington, D.C. as the place for compliance. *Id.* When a dispute arose about one of those subpoenas, Cox moved *in the EDVA* (not here) for leave to take those RIAA depositions. The EDVA court sustained the *Sony* Plaintiffs' objection in part and denied Cox leave to take one of the RIAA depositions. Gould Decl., Ex. E at 17 (Hr'g. Tr.). RIAA did not object to the Rule 30(b)(6) deposition occurring, and Cox deposed RIAA's designee on June 10, 2019. Gould Decl., ¶ 11.

On June 26, 2019, RIAA and Cox conferred by email and telephonically about issues unrelated to those raised in its instant motion. Gould Decl., ¶ 12 & Ex. F (conferral emails). Cox did not mention the issues raised in the instant motion during those conferrals. Gould Decl., ¶ 12, though Cox's motion and declaration suggest otherwise. *See* Mot. at 5 & n.13; Leiden Decl., ¶ 19. Cox's Aug. 21, 2019 motion to compel in this Court was the first time since February 2019 that RIAA heard from Cox about the issues raised in the motion. Gould Decl., ¶ 7. Cox filed the motion more than seven months after serving the subpoena, six months after RIAA's written responses and the relevant conferrals, and more than six weeks after the close of discovery.

On Aug. 27, 2019, RIAA informed Cox, through counsel, that it intended to move to transfer Cox's motion to EDVA pursuant to Rule 45(f), and sought Cox's consent. Gould Decl. ¶ 13, Ex. G. Cox acknowledged receipt of RIAA's request but never responded. *Id*.

### III.  Relevant *Sony v. Cox* Procedural History and Posture

The EDVA court has already addressed the issue on which Cox seeks to compel discovery, among dozens of other discovery disputes. After resolution of venue and other preliminary motions, contentious discovery proceeded in the *Sony* case from November 2018 through July 2, 2019. The parties filed numerous discovery motions, including motions to compel, and regularly appeared for discovery hearings and case management conferences during that time. Gould Decl., ¶ 14. In addition to a hearing on Cox's motion to transfer venue, the EDVA court has held seven discovery hearings, hosted a telephonic conference concerning potential settlement, and ordered the parties to appear for an upcoming settlement conference. Gould Decl., ¶ 15.

On January 18, 2019, Cox moved to compel documents from the *Sony* Plaintiffs in EDVA. That motion addressed many of the same issues raised in Cox's motion to this Court concerning the Copyright Alert System ("CAS") and other Internet Service Providers ("ISPs"). *See* Gould

5

Decl. ¶ 6, Ex. H at ¶ 4 (Cox motion, *Sony* ECF No. 72); Ex. I at 17-19 (*Sony* Plaintiffs' opposition, *Sony* ECF No. 82). Cox misleads the Court regarding CAS. It was a private agreement between content owners and certain ISPs to create an educational program in an attempt to reduce infringement. It was not an industry standard defining how to respond to copyright infringement notices, as Cox contends, Mot. at 8, and cannot be held out as one.

On full briefing and argument on Cox's motion concerning CAS, the EDVA court mostly rejected Cox's motion, ordering Plaintiffs to produce just a few specific agreements, but otherwise rejecting Cox's overbroad request for documents concerning CAS and other ISPs. Significantly, Cox's motion to this Court omits that critical context, as well as 11 pages of relevant hearing transcript, during which the EDVA court addressed and largely rejected Cox's motion. *See* Leiden Decl., Ex. D (Jan. 25, 2019 Hr'g. Tr. at 61-62). The complete portion of the transcript discussing the issues and the EDVA court's ruling is provided here. Gould Decl., Ex. J (Jan. 25, 2019 Hr'g. Tr. at 49:18-63:17).

In May 2019, Cox then served a discovery request on the *Sony* Plaintiffs for "[a]ll Documents and Communications concerning the impact, if any, on levels of infringement from the CAS, including data, reports, studies, or analyses." Leiden Decl., Ex. M. The *Sony* Plaintiffs objected and Cox never moved to compel such documents from the *Sony* Plaintiffs in the underlying case. Gould Decl., ¶ 10. Instead, Cox waited until after the close of the discovery period and then moved this Court to compel non-party RIAA to produce virtually the same documents concerning the "effectiveness of CAS," Mot. at 3, and "the impact, if any, on the scope of copyright infringement." *Id.* at 4.

The parties in the *Sony* case have deposed 40 party and third-party witnesses. Gould Decl., ¶ 16. Nine experts have submitted 17 reports and sat for nine depositions. *Id.*, ¶ 17. The Court

held a final pre-trial conference on June 21, 2019. *Id.*, ¶ 18. Discovery closed July 2, 2019. Gould Decl., ¶ 19, Ex. K (Scheduling Order, *Sony* ECF No. 138). The parties have since filed or exchanged witness lists, exhibits lists and objections to exhibits, and proposed stipulations. Trial subpoenas have been served. On August 30, 2019, the *Sony* Plaintiffs and Cox each filed 40-page summary judgment briefs and the parties, collectively, filed nine Daubert motions. Deposition designations are due September 18, 2019 and motions in limine are due October 19, 2019. Trial is set to begin December 2, 2019. Gould Decl., ¶ 20, Exs. L, M (Scheduling Orders, *Sony* ECF Nos. 223, 252).

## ARGUMENT

Cox's motion to compel should be denied as untimely and because the EDVA has already rejected Cox's position. In the alternative, the motion should be transferred to the EDVA, which issued the subpoena and presides over the underling *Sony v. Cox* case, because RIAA has consented to transfer and the circumstances favor it.

### I. Cox's Motion Should Be Denied

Cox's motion is fundamentally flawed and should be denied.

#### A. Cox's Motion Is Untimely

Cox's motion is untimely and Cox offers no justification for the delay. Cox waited seven months to file the motion and did so more than six weeks after the close of discovery. The EDVA court could not have been clearer that "[g]iven the enlarged time provided for discovery initially and this additional enlargement, no further enlargements of the discovery period will be allowed." Gould Decl., Ex. K (Scheduling Order, *Sony* ECF No. 138). Cox cites a single case for the proposition that courts in this district may permit motions to compel after the close of discovery if the tardiness is justified. Mot. at 6 n.14 (citing *Barnes v. D.C.*, 289 F.R.D. 1, 20 (D.D.C. 2012)).

But Cox ignores then-Chief Judge Lamberth's pronouncement in the very same breath that "parties do not have free reign to file discovery motions long after discovery has closed, without any justification for the delay." *Id.* Cox has disregarded that admonition, moving to compel long after the close of discovery, on an issue in dispute since February 2019, without even a purported excuse for the delay.

### B. The EDVA Court Already Rejected The Issues Raised In Cox's Motion and Cox Offers No Basis For A Different Result Here

Cox's motion also fails because a prior ruling by the EDVA court resolved the issues in Cox's motion and Cox offers no explanation why this Court should disregard that ruling.

Some background on CAS is critical for framing Cox's motion because Cox misleads the Court regarding CAS. As set forth in the *Sony* Plaintiffs' declarations opposing Cox's motion in EDVA, CAS was a private, multi-industry agreement to work collectively to address copyright infringement. It involved 18 separate parties and the creation of an independent entity to administer it. Gould Decl., Exs. O at ¶¶ 12-14 (Bell Decl.), P at ¶¶ 30-32 (McMullan Decl.), Q at ¶¶ 26-28 (Leak Decl.). Cox could have joined CAS but refused to do so. *Id.*

CAS was not an industry standard and cannot be held out as one. The very Memorandum of Understanding ("MOU") that created CAS expressly provides that it is not an interpretation of an ISP's legal obligations. Specifically, the MOU and parties to it acknowledged that the "Agreement does not and is not intended to establish any legal inference regarding any ISP that does not participate in the Copyright Alert program." Leiden Decl., Ex. G at 9 n.1 (MOU). This case is about Cox and its actions relative to its legal obligations. The attitudes and actions of Cox's competitors, whether in connection with CAS or otherwise, are irrelevant. A driver caught speeding cannot avoid liability or pay a lesser ticket by arguing that others on the road drove as

8

fast or faster. Nor can Cox avoid liability based on the conduct of third parties under a private agreement.

Against that backdrop, in January 2019, Cox asked the EDVA court to compel the *Sony* Plaintiffs to produce a staggering array of "All documents" concerning CAS and other ISPs' handling of copyright infringement notices. Specifically, Cox moved to compel the following:

Request No. 118
All documents concerning an ISP's response to receiving an infringement notice from any entity, including the "representatives" identified in paragraph 2 of Your Complaint.

Request No. 126
All documents concerning Your communications or negotiations with ISPs other than Cox regarding the number of infringement notices that any of those other ISPs would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

Request No. 127
All documents concerning the policies or practices of online service providers (including without limitation ISPs and Internet access providers) concerning the termination or suspension of their subscribers or account holders due to allegations of copyright infringement.

Request No. 130
All documents concerning communications between You and any ISP other than Cox regarding Your request or demand for the ISP to transmit information to the ISP's subscriber, account holder, or customer.

Request No. 131
All documents concerning Your communications with anyone not employed or otherwise affiliated with an ISP concerning the number of infringement notices that any ISP would or would not accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

Request No. 165
All documents concerning CAS.

Request No. 166
All documents concerning negotiations related to CAS.

Request No. 167
All documents concerning any Memorandum of Understanding concerning CAS, including without limitation the July 6, 2011 Memorandum of Understanding (the "7/6/2011 MOU") to which the RIAA was a signatory (singly or collectively, a "CAS MOU").

Request No. 168
All documents concerning any agreement You entered into pursuant to any CAS MOU or any related agreement, including without limitation any Implementation Agreement You entered into pursuant to the 7/6/2011 MOU.

Request No. 169
All documents concerning Your status as a signatory of a CAS MOU.

Request No. 170
All documents concerning Cox's compliance or non-compliance with policies or procedures reflected in CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

Request No. 171
All documents concerning any technological system used to detect, monitor, or generate or send notifications concerning, copyright infringement in connection with CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

Request No. 172
All reviews, assessments, evaluations, reports, or the like, concerning CAS, including without limitation any technological system utilized in connection with CAS.

Request No. 173
All documents concerning any reviews, assessments, evaluations, reports, or the like, concerning CAS or a CAS MOU, including without limitation drafts.

Request No. 174
All documents concerning notifications sent pursuant to CAS, any CAS MOU, or any Implementation Agreement, concerning allegations of copyright infringement of any Copyright Work.

Gould Decl. Ex. H at ¶ 4; Ex. I at 17-19.

Cox described these requests to the EDVA court as "narrowly tailored and straightforward." Gould Ex. N at 15 (*Sony* ECF No. 75). Unsurprisingly, the EDVA court disagreed and said that "many of the document requests that were served relating to this are certainly overbroad, unduly burdensome, and I wouldn't require additional responses." Gould Decl., Ex. J at 61. Cox now asks this Court to compel many of the same documents from RIAA that the EDVA court denied when Cox sought them from the *Sony* Plaintiffs, including reports from CAS ISPs regarding the number of copyright infringement notices they forwarded to their subscribers, documents

regarding "the effectiveness of CAS," "Documents and communications concerning the implementation of the CAS by ISPs and the impact, if any, on the scope of copyright infringement . . . ," and "Documents concerning CAS or any proposed inter-industry agreement concerning the handling of notices of copyright infringement." Mot. at 3-4.

Cox asks this Court for an alternate ruling without even mentioning this aspect of the EDVA court's prior decision. In doing so, Cox offers no explanation why this Court should compel *non-party RIAA* to produce documents "intended to allow the RIAA to assess the effectiveness of CAS," Mot. at 3, when the EDVA court already denied Cox's motion to compel the *party plaintiffs* to produce, *inter alia*, "documents concerning any reviews, assessments, evaluations, reports, or the like, concerning CAS or a CAS MOU" (RFPs 172-173), "documents concerning an ISP's response to receiving an infringement notice" (RFP 118), and "documents concerning notifications sent pursuant to CAS, any CAS MOU, or any Implementation Agreement, concerning allegations of copyright infringement of any Copyright Work" (RFP 174).

The EDVA court understood the overbreadth of Cox's request and largely denied the motion. Gould Decl., Ex. J at 61-62. There is no basis for this Court to reach a different conclusion from the court in the EDVA. Cox was not entitled to the documents when it sought them from Plaintiffs, and it is not entitled to them now when it seeks them from RIAA.

II. **Transfer To EDVA Is Warranted Under Rule 45(f)**

In the alternative, the Court should transfer Cox's motion to the EDVA. The basis for RIAA's alternative transfer request is simple: RIAA's consent. Rule 45 of the Federal Rules of Civil Procedure states, in pertinent part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

*See In re Braden*, 344 F. Supp. 3d 83, 89 (D.D.C. 2018) ("Because Mr. Braden has consented to the transfer of his subpoena disputes, the Court grants his motions to transfer under Federal Rule 45(f)."). The EDVA issued the subpoena and transfer there is proper given RIAA's consent.[3]

While this Court needs no other basis to transfer beyond RIAA's consent, it may also do so under the alternative basis of "exceptional circumstances." Fed. R. Civ. P. 45(f). When considering if exceptional circumstances are present, the Court must account for the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.,* No. 14–mc–0538–(BAH), 2014 WL 4954368, at *3 (D.D.C. Oct. 3, 2014); *see, e.g., Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP,* No. 15–mc–568 (RMC), 2015 WL 3413540, *3 (D.D.C. May 28, 2015) (finding transfer proper when a case demands a "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction," not "a mere relevancy determination"); *Wultz v. Bank of China, Ltd.,* 304 F.R.D. 38, 46 (D.D.C. 2014) (finding the issuing court was "in a better position to rule ... due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

Courts have recognized that transfer of subpoena-related motions is warranted "when transferring the matter is in 'the interests of judicial economy and avoiding inconsistent results.'" *Wultz,* 304 F.R.D. at 46 (internal citation omitted); *see also Agincourt Gaming, LLC v. Zynga, Inc.,* No. 2:14–cv–0708–RFB–NJK, 2014 WL 4079555, at *7–8 (D. Nev. Aug. 15, 2014) (accounting for judicial economy, docket management, and the risk of inconsistent rulings in deciding to transfer motion); *Fed. Deposit Ins. Co. v. Everest Reinsurance Holdings, Inc.,* 13-mc-381(KPF),

---

[3] Cox itself has previously sought relief in EDVA over its deposition subpoenas to RIAA. *See supra*. Though Cox declined to consent to transfer here, it can have no rational basis to oppose the EDVA court hearing its motion to compel. Any such objection would reek of forum shopping.

2014 WL 260589, at *2–3 (S.D.N.Y Jan. 23, 2014) (concluding that judicial efficiency and comity were principal factors for transferring).

All of these factors heavily favor transfer here. *First*, the EDVA is in the best position to rule on Cox's discovery motion because it requires a "nuanced legal analysis based on a full understanding" of the complicated facts, legal issues, and procedural posture of the underlying case. *Braden*, 344 F. Supp. 3d at 90–92. The *Sony* case involves more than 50 parties and more than 10,000 copyrighted works. Cross-motions for summary judgment on theories of secondary liability are pending. Resolving Cox's motion will require more than a mere relevance determination, but rather an understanding of Cox's flawed "industry standards" theory in the context of the broader case and an assessment of how the instant motion relates to Cox's prior motion to compel on the same issues.

*Second*, transfer is particularly appropriate where the underlying litigation would be disrupted if the motion is not transferred, as here. *Id.* at 94; *see aslo Google, Inc., v. Digital Citizens Alliance*, No. 15–00707 JEB/DAR, 2015 WL 4930979, at *3 (July 31, 2015 D.D.C.) ("[N]ot transferring the subpoena-related motion[] carries with it the potential of interfering with the discovery timeline of the underlying litigation."). The EDVA long ago issued a "detailed pretrial schedule for discovery and dispositive motions," as well as a trial date and schedule for pretrial submissions. *Id.*; Gould Decl., Exs. K-M (Scheduling Orders, *Sony* ECF Nos. 138, 223, 252). Discovery lasted months longer than ordinary in the EDVA and has already been closed for two months. The EDVA court made clear that "[g]iven the enlarged time provided for discovery initially and this additional enlargement, no further enlargements of the discovery period will be allowed." Gould Decl., Ex. K (Scheduling Order, *Sony* ECF No. 138).

In blatant disregard of that ruling—and with no explanation for its tardiness—Cox filed its motion here more than six weeks *after* the close of discovery in the *Sony* case. "District courts in [the Fourth] circuit deny belated motions to compel filed close to, or after, the close of discovery." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 12547260, at *2 (E.D. Va. July 31, 2014) (denying as untimely motion to compel filed one day before close of discovery).[4] The EDVA is best positioned to consider whether Cox's motion is simply "an effort to bypass discovery rules for parties to the [underlying] litigation." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 707 (N.D. Tex. 2017).

*Third*, and critically, judicial economy and avoidance of inconsistent rulings heavily favor transfer. The EDVA has already resolved dozens of motions in the *Sony* case, including a materially similar motion by Cox in January 2019 seeking to compel documents from the *Sony* Plaintiffs. There is no good reason to ask this Court to consider the same issues anew, to reach its own conclusions about the relevance of the documents, or to unpack the complex procedural history of prior motions. Moreover, the EDVA itself recognized the importance of judicial economy and avoiding inconsistent results when it denied Cox's motion to transfer the *Sony* case

---

[4] *See also Hare v. Comcast Cable Comm. Mgmt.*, LLC, No. 13–1896, 2014 WL 1284829, at * 1 (4th Cir. Apr. 1, 2014) (unpublished) (finding the district court did not abuse its discretion when it denied a motion to compel evidence that was "crucial to the case," when the moving party had ample time to secure the discovery but did not seek an extension or compulsion until discovery had closed); *Blind Indus. Servs. of Maryland v. Route 40 Paintball Park*, No. WMN–11–3562, 2012 WL 4470273, at * (D. Md. Sept. 26, 2012) ("The Court noted that plaintiff's belated motion was especially troubling because if it were granted, it would disrupt the Scheduling Order by extending the discovery deadline."); *RDLG, LLC v. RPM Grp., LLC*, No. l:10–cv–204, 2012 WL 3202851, at *1 (W.D.N.C. Aug. 6, 2012) ("Courts in this district have repeatedly held that a motion to compel filed after the close of discovery and after the expiration of the motion deadline in the scheduling order is untimely.") (collecting cases); *Murphy v. Auto Advantage, Inc.*, No. 1:11–cv–11, 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (denying a motion to compel as untimely when filed two days after the close of discovery).

14

out of EDVA, in light of its prior involvement in a related case.  Gould Decl., Ex. B at 5-7.  The same analysis applies here.

In short, "exceptional circumstances exist warranting transfer in this case based on the risk of disrupting the management of the underlying case, the complex relevancy determinations necessary, and the potential for inconsistent results."  *Google, Inc.,* 2015 WL 4930979, at *4.

## CONCLUSION

For the reasons explained above, Cox's motion should be denied.  In the alternative, RIAA respectfully requests that the Court transfer the motion to the EDVA based on RIAA's consent and the exceptional circumstances presented here.

Dated September 4, 2019

Respectfully submitted,

/s/ *Jeffrey M. Gould*
Jeffrey M. Gould (978849)
Matthew J. Oppenheim (443698)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel:  202-480-2999
jeff@oandzlaw.com
matt@oandzlaw.com

*Attorneys for the Recording Industry Association of American*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2019, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record.

/s/ *Jeffrey M. Gould*
Jeffrey M. Gould (978849)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 2001
Tel:  202-480-2999
jeff@oandzlaw.com