**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COX COMMUNICATIONS, INC., *et al.*, <br><br> *Movants*, <br><br> v. <br><br> THE RECORDING INDUSTRY ASSOCIATION OF AMERICA, <br><br> *Respondent*. | Case No. 1:19-mc-00144 <br><br> Underlying Litigation: <br> *Sony Music Entertainment, et. al. v. Cox Communications, Inc., et al.*, Case No. 18-cv-00950-LO-JFA (E.D. Va.) |

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS
REPLY MOTION TO COMPEL THE RIAA'S COMPLIANCE WITH COX'S
SUBPOENA *DUCES TECUM***

(REDACTED VERSION)

**I.      INTRODUCTION**

Cox moved this Court to order the RIAA to produce a single category of documents in response to Cox's third-party document subpoena—reports generated by ISPs and sent to the RIAA relating to the effectiveness of the Copyright Alert System ("CAS"), a program developed to respond to online copyright infringement that was endorsed by the major ISPs, content owners, the MPAA, and the RIAA itself. Whether CAS was effective at curbing online copyright infringement has critical relevance to the underlying *Sony v. Cox* litigation because the *Sony* plaintiffs have taken the position that Cox failed to take reasonable measures to respond to alleged infringement on its network, while at the same time many of the *Sony* plaintiffs themselves and their agent the RIAA signed onto CAS, which was less stringent than Cox's "graduated response" for interacting with subscribers who were the subject of infringement notices, and yet was touted as the industry standard for detecting and responding to online copyright infringement. The RIAA does not grapple with this argument head-on, instead relying on superficial and flawed arguments that CAS is an irrelevant "private agreement" and that the court in the underlying litigation somehow "already ruled" on the propriety of Cox's document requests.

Furthermore, the RIAA sidesteps the most critical issue—whether it is in possession of these reports and whether it would be burdensome to produce them—and instead argues primarily that Cox delayed in seeking this relief and that this is the incorrect venue for this dispute. Because neither of these procedural arguments have merit, and because the RIAA has also failed to rebut the fact that these reports—like CAS itself—is highly relevant to the underlying dispute, Cox's Motion to Compel should be granted.

## II.     ARGUMENT

### A.     Cox's Motion is Not "Untimely"

Generally, courts in this District permit discovery motions to be heard after the close of discovery as long as there is an appropriate reason for the timing, which Cox has established here. *Barnes v. D.C.*, 289 F.R.D. 1, 20 (D.D.C. 2012).  Contrary to the RIAA's claim that Cox offered "no justification" for filing the present motion in August, the timeline set forth in Cox's opening brief shows that Cox attempted to obtain these same documents from the *Sony* plaintiffs, but was rebuffed at every turn—including most recently in July 2019.  *See* Mot. at 5.  Cox should not be faulted for seeking these documents from the *Sony* plaintiffs before moving to compel them from a third party.

Furthermore, the importance of these particular reports was not revealed until the parties were well into discovery.  Cox was of course aware of the CAS prior to this litigation due to the publicity surrounding its creation and success, but did not receive any non-public CAS-related documents in discovery until March 2, 2019,[1] after the court in the underlying litigation ordered the *Sony* plaintiffs to produce them.[2]  Subsequently, many of the *Sony* plaintiffs—and the RIAA—took the position at their depositions that ████████████████████████████████████████████████████████████████████ But none of these deponents could point to any data supporting their testimony.[4]  Cox then requested additional

---

[1] *See* Declaration of Diana H. Leiden ("Leiden Reply Decl."), ¶ 2.
[2] Judge Anderson in the Eastern District of Virginia ordered the *Sony* plaintiffs to produce the CAS Memorandum of Understanding, the RIAA and content owners' agreements with participating ISPs regarding the implementation of CAS, and documents sufficient to show whether each *Sony* plaintiffs was a signatory to CAS.  *See* Gould Decl., Ex. J.
[3] *See* Leiden Reply Decl., Ex. A (Deposition of Christopher Bell, 92:22-94:4); Ex. B (Deposition of David Benjamin, 83:21-84:1); Ex. C (Deposition of Jill Lesser, 71:17-21); Ex. D (Deposition of Steven Marks, 143:12-144:24).
[4] *Id*.

2

documents from the *Sony* plaintiffs relating to "the impact, if any, on levels of infringement from the CAS, including data, reports, studies, or analyses."[5]  The *Sony* plaintiffs refused to produce any responsive documents on July 1, 2019, and discovery closed the following day.[6]

Notably, depositions of the RIAA and other third parties prior to the close of discovery confirmed that the RIAA is the best source of these documents.  First, as noted above, none of the *Sony* plaintiffs who were deposed were aware of the location of these reports or other data relating to the effectiveness of CAS.  Furthermore, on June 21, 2019, Cox took the deposition of Jill Lesser, the former executive director of the Center for Copyright Information, an entity created to administer CAS.  Cox learned then for the first time that ███████████████████████████████████████████████████████████████████████████████████████ ████████████████████████  When it was clear that Cox would not be able to obtain the ISP reports from the *Sony* plaintiffs or other third parties to rebut the *Sony* plaintiffs' emerging theme that CAS was ineffective, Cox moved to compel them from the RIAA.

In light of this timeline, Cox has indisputably shown that it had good reason to seek these documents outside of the discovery period.  Plaintiffs' cases are inapposite and are outside of the District of D.C. In *Hare v. Comcast Cable Commc'ns Mgmt., LLC*, the plaintiff attempted to extend the discovery deadline by seeking to take a party deposition after discovery closed without a legitimate explanation for the delay. 564 F. App'x 23, 24 (4th Cir. 2014).  In *Blind Indus. Servs. of Maryland v. Route 40 Paintball Park*, the court relied on a local rule specific to the Maryland District Court to hold that defendant's motion to compel was belated and further found that the

---

[5] Motion to Compel Leiden Decl., Ex. M.
[6] Motion to Compel Leiden Decl., Ex. N.
[7] *See* Leiden Reply Decl., Ex. C (Lesser Dep., 62:18-63:19; 127:1-14). Cox also served a document subpoena on Ms. Lesser, but she produced only one document and did not produce the ISP reports at issue or any other documents relating to the effectiveness of CAS.  Leiden Reply Decl., ¶ 5.

3

"belated filing is unjustified." No. WMN–11–3562, 2012 WL 4470273, at *1-2 (D. Md. Sept. 26, 2012). In *RDLG, LLC v. RPM Grp., LLC*, the Western District of North Carolina found that the plaintiff's motion to compel discovery from the defendant, served *four months* after the close of discovery, was untimely. No. 1:10CV204, 2012 WL 3202851, at *1 (W.D.N.C. Aug. 6, 2012).

> B.   **The RIAA Should Be Compelled to Produce the Reports Concerning the Effectiveness of CAS**

The RIAA should be compelled to produce the monthly reports it received from the CAS-participating ISPs because they are "relevant, non-privileged, and not obtainable from other sources." *Amicus Commc'ns, L.P. v. Hewlett-Packard Co.*, No. 99-0284 HHK/DAR, 1999 WL 33117227, at *3 (D.D.C. Dec. 3, 1999). Under Fed. R. Civ. P. 26(b), which is applicable to Rule 45 subpoenas, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," taking into account the importance of the information, burden to the producing party, and other factors. Generally, "relevance is liberally construed." *See In re Denture Cream Prod. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013) (citing Fed. R. Civ. P 26). And "[l]imiting discovery and quashing subpoenas pursuant to Rule 26 and/or Rule 45 goes against courts' general preference for a broad scope of discovery." *See Ecomission Sols., LLC v. CTS Holdings, Inc.*, No. MISC. 16-1793 (EGS), 2016 WL 4506974, at *1 (D.D.C. Aug. 26, 2016) (citations omitted).

As detailed in Cox's initial motion and above, the reports are highly relevant to the *Sony* litigation.[8] At the heart of the underlying litigation is the *Sony* plaintiffs' charge that Cox did not sufficiently respond to notices of alleged copyright infringement on its network.[9] Indeed, an important battleground in the underlying litigation will be whether Cox's multi-step "graduated

---

[8] *See* Cox's Motion to Compel at 6-9.
[9] *See* Leiden Reply Decl., Ex. A (*Sony* Plaintiffs' Amended Complaint at ¶¶ 82-83, 85-87, 92, 94-96).

4

response" system was an appropriate response to copyright infringement notices sent to Cox by content owners. *See* Mot. at 3. During the same time period at issue in this case, the RIAA and a number of the *Sony* plaintiffs signed onto the CAS—which required participating ISPs to develop and implement copyright alert programs to respond to notices received from copyright claimants—and negotiated individual implementation agreements with each ISP. *See* Mot. at 2-3. Being able to compare the effectiveness of what Cox did to what the RIAA expected five other major ISPs to do is highly relevant to Cox's defenses—particularly given that Cox's graduated response process was *more* stringent than CAS in several respects, including that it resulted in the termination of service for certain "repeat infringers." *Id*. at 3.

The RIAA fails to grapple with this argument head-on in its opposition, instead brushing off CAS because it did not create "legal obligations" on the part of its member ISPs and claiming that "[t]he attitudes and actions of Cox's competitors, whether in connection with CAS or otherwise, are irrelevant." Opp'n at 8-9. This, of course, misses the point entirely. Cox's defenses are not predicated on a comparison between its conduct and the conduct of other major ISPs—it seeks to prove that the RIAA and the *Sony* plaintiffs are attempting to hold Cox to a standard higher than it expected of the CAS-participant ISPs when they voluntarily signed onto CAS. ■

■■■■■■
■■■■■■
■■■■■■
■■■■■■
■■■■■■
■■■■■■

███████████████████████████

███████████████████████████

Furthermore, the RIAA's argument that the court in the underlying litigation somehow already ruled on the relevance of the ISP reports sought in this Motion is false. *See* Opp'n at 10-11. Cox initially sought a number of categories of documents from the *Sony* plaintiffs relating to the CAS, and the court ordered the *Sony* plaintiffs to produce a subset of those documents—reflecting the fact that the Eastern District of Virginia found CAS to be relevant to the underlying litigation.[11] Nor were the ISP reports specifically at issue in Cox's prior requests. And, of course, the Eastern District of Virginia's discovery order had nothing to do with the subpoena *duces tecum* that Cox served on the RIAA.[12] Simply put, Judge Anderson's discovery order is not dispositive on the relevance of the documents at issue, or whether or not the RIAA should be compelled to produce the reports.

Notably, the RIAA does not dispute that these documents are within its possession and could be produced without an undue burden. Incredibly, the RIAA refuses to state in its opposition whether it has these reports at all and what would be involved in their production. For this reason alone, Cox's motion to compel should be granted. *United States Sec. & Exch. Comm'n v. Brown*, No. CV 09-1423 (GK), 2010 WL 11602637, at *2 (D.D.C. Sept. 29, 2010) (granting plaintiffs' motion to compel a non-party to produce certain documents because the non-party did not set forth "specific, articulable facts" that the production would be unduly burdensome) (citations omitted); *see also BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 360 (D.D.C. 2018) (granting

---

[10] *See* Leiden Decl., Ex. F.
[11] *See* Declaration of Jeffrey Gould, Ex. J at 61-62 (Jan. 27, 2019 Hearing Tr., narrowing Cox's RFPs concerning the CAS from ten to three).
[12] *See* Leiden Decl., Ex. B (January 7, 2019 Subpoena to the RIAA).

6

plaintiff's motion to compel upon finding that the requested discovery was relevant and there was no undue burden in producing it because it was not "unreasonably cumulative or duplicative" and plaintiff could not have "obtained it from some other source"); *see also In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C.2010) ("[t]he burden lies on the party resisting discovery to show that the documents requested are either unduly burdensome or privileged"). Cox seeks to compel the production of a precise set of documents that the RIAA received from known senders (the five CAS-participant ISPs), as detailed in the Implementation Agreements. The request is also for a set and narrow period of time, and the volume of reports the RIAA would have to produce is low because the ISPs were required to submit the reports to the RIAA only on a monthly basis. *See* Mot. at 7-8. In short, the RIAA cannot—and has not even attempted to—show that producing the ISP reports would be burdensome at all.[13]

### C. This Court Can and Should Rule on Cox's Motion to Compel

Cox properly filed this Motion in this District of D.C. pursuant to Federal Rule of Civil Procedure 45 because the RIAA is headquartered here. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("the serving party may move the court for the district *where compliance is required* for an order compelling production or inspection."). Rule 45(f) gives courts discretion to transfer such motions to the court presiding over the underlying litigation "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Therefore, the fact that the RIAA "consents" to have this Motion heard by the Eastern District of Virginia is not dispositive. Nor has the RIAA shown that "exceptional circumstances" exist to warrant a transfer here.

First, this Court is well-equipped to hear and resolve Cox's motion, and, indeed, "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."

---

[13] The RIAA similarly does not claim that the ISP reports are privileged. *See* Mot. at 8-9.

Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (noting that a court must not make this assumption). Unlike in the cases relied on by the RIAA, deciding whether or not to enforce Cox's subpoena *duces tecum* against the RIAA does not require an in-depth understanding of the full breadth of the underlying substantive issues in the *Sony* litigation. *Cf. Home Loan Mortg. Corp. v. Deloitte & Touche LLP,* No. 15–mc–568 (RMC), 2015 WL 3413540, *3 (D.D.C. May 28, 2015) (requiring the court to conduct a "nuanced legal analysis" to determine relevance because defendant invoked qualified executive privileges in the underlying litigation); *see also Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014) (finding that exceptional circumstances existed where the underlying case had been "pending for four years" and the court had "already ruled on issues presented by the motion") (citing Fed. R. Civ. P. 45(f)); *Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) (finding exceptional circumstances existed where the decision would "inevitably disrupt" six related cases).

As set forth above, and in its opening brief, Cox seeks to compel the RIAA to produce a single category of documents, and it is not necessary that this Court be familiar with the entire background of the *Sony* plaintiffs' case against Cox in order to determine whether the documents are relevant or whether the RIAA has satisfied its burden to resist their production. The RIAA provides no explanation for why resolving this motion would require the Court to have an intimate understanding of CAS "in the context of the broader case." Opp'n at 13.

Unsurprisingly, this Court has previously heard and granted numerous motions to compel non-parties' compliance with a subpoenas *duces tecum* rather than transferring the motions to the issuing court. *See e.g., Amicus Commc'ns, L.P. v. Hewlett-Packard Co.*, No. 99-0284 HHK/DAR, 1999 WL 33117227, at *2 (D.D.C. Dec. 3, 1999); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D.

189, 197 (D.D.C. 2003); *United States Sec. & Exch. Comm'n v. Brown*, No. CV 09-1423 (GK), 2010 WL 11602637, at *1 (D.D.C. Sept. 29, 2010). Cox also notes that the Northern District of California has previously presided over Cox's motion to compel another third party in this case, MarkMonitor, to comply with Cox's document and deposition subpoenas in the same underlying litigation.[14]

Second, there is no risk of "inconsistent rulings" here. As set forth above, the court in the underlying litigation has not ruled on the relevance of the ISP reports sought by Cox in this Motion, and certainly has not ruled on the propriety of the RIAA producing them. The RIAA's cases are distinguishable. In *Agincourt Gaming, LLC v. Zynga, Inc.*, the court granted the transfer motion because it lacked "jurisdiction to rule on the pending subpoena-related motions to the extent they relate to the Individual Respondents" and refused to make a judicial economy determination because it "lack[ed] authority to do so." No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014). In *F.D.I.C. v. Everest Reinsurance Holdings, Inc.*, which concerned 23 document requests, the court granted the transfer motion on judicial efficiency grounds because "the case law in this District appears to conflict with case law" in the district where the underlying case was being litigated and the requests directly concerned the underlying court's summary judgment ruling. No. 13 MISC. 381 KPF, 2014 WL 260589, at *2 (S.D.N.Y. Jan. 23, 2014). Cox's present request does not similarly affect any of the Eastern District of Virginia's prior rulings in the underlying litigation.

Furthermore, the RIAA's claim that Cox has previously sought to enforce compliance with a subpoena to the RIAA in the Eastern District of Virginia is blatantly false. Opp'n at 12 n.3 ("Cox

---

[14] *See Cox Communications, Inc., et al v. MarkMonitor, Inc.*, Case No. 3:19-mc-80050-SK (N.D.Cal. 2019).

9

itself has previously sought relief in the EDVA over its deposition subpoenas to RIAA.") In the motion referenced by the RIAA, Cox sought leave to take additional depositions of additional third parties, including the deposition of one RIAA representative involved with critical correspondence with Cox who the RIAA had refused to designate as a 30(b)(6) witness (as well as other third parties such as Ms. Lesser).[15] Given that this was a motion to alter the scheduling order in the underlying litigation, and that it was not a motion to compel the RIAA's compliance with any subpoena, Cox of course could not have brought that motion in the District of D.C.

Third, the RIAA's argument that having this Court decide Cox's motion would disrupt the "discovery timeline of the underlying litigation" has no merit. *See* Opp'n at 13 (citing *Google, Inc., v. Digital Citizens Alliance*, No. 15–00707 JEB/DAR, 2015 WL 4930979, at *3 (July 31, 2015 D.D.C.)). As the RIAA repeatedly points out in its opposition, discovery in the *Sony* litigation has already closed, so it is difficult to see how this Court's decision could possibly "interfere[] with the discovery timeline of the underlying litigation." *Google*, 2015 WL 4930979, at *3. Nor would a decision in Cox's favor affect the Eastern District of Virginia's ability to make a summary judgment determination. The reports at issue are not the subject of Cox's or the *Sony* plaintiffs' summary judgment arguments and a decision on Cox's motion here would not prevent the *Sony* litigation from continuing. As set forth above, Cox had good reason to file this motion to compel when it did, and the fact that the *Sony* plaintiffs refused to produce the reports at issue should not prevent Cox from compelling them from the RIAA and using them at trial.

### III. CONCLUSION

For the reasons stated in its Motion and above, Cox respectfully requests the Court retain its proper jurisdiction over, and grant, Cox's Motion to Compel.

---

[15] *See* Gould Decl., Exs. C & D.

Dated: September 11, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (Bar No. 337907)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Petitioners Cox Communications, Inc. and CoxCom, LLC*

# CERTIFICATE OF SERVICE

I certify that on September 11, 2019, a copy of the foregoing Cox's Reply Memorandum in Support of Its Motion to Compel the RIAA's Compliance with Cox's Subpoena Duces *Tecum*, and the Declaration of Diana Hughes Leiden in Support of Its Motion to Compel the RIAA's Compliance with Its Subpoena *Duces Tecum*, and supporting exhibits A-D were served by email and via Federal Express on the following:

Jeffrey M. Gould
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, N.W., 5th Floor
Washington, DC 20016
Tel.: (202) 851-4526
Email: jeff@oandzlaw.com

*Counsel for both the Respondent Recording*
*Industry Association of America and*
*Plaintiffs in the underlying action*
*pending in the Eastern District of Virginia*
*(Case No. 18-cv-00950-LO-JFA)*

/s/ *Thomas M. Buchanan*
Thomas M. Buchanan (Bar No. 337907)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Movants Cox Communications,*
*Inc. and CoxCom, LLC*